# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORENZO LOPEZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOHN SROMOVSKY,<br><br>    *Defendant*. | CIVIL ACTION<br>No. 17-2183 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 17, 2018

## MEMORANDUM

On June 27, the Court entered default judgment for Lorenzo Lopez and against former Pennsylvania State Trooper John R. Sromovsky for Sromovsky's use of excessive force during Lopez's drunk driving arrest. Sromovsky now moves to set aside the default judgment. The Court grants the Motion and vacates the judgment because Sromovsky was never served in accordance with the Federal and Pennsylvania Rules of Civil Procedure.

I

On May 12, 2017 Lopez sued the Pennsylvania State Police, Commissioner Tyree Blocker and Trooper Sromovsky pursuant to 42 U.S.C. § 1983 and state law. (ECF No. 1.) His suit followed Sromovsky's arrest, initiated by the PSP, for assault, harassment, official oppression and making terroristic threats against Lopez. *See* Docket, *Pennsylvania v. Sromovsky*, CP-15-CR-00001137-2017 (Chester Cty. Ct. Com. Pl. Apr. 4, 2017).

On August 14, 2017 Lopez sought and received an extension of time to serve Sromovsky with process.  (ECF Nos. 5 & 6.)  Lopez filed an Amended Complaint on August 29, (ECF No. 8), and on September 22 filed a Proof of Service stating that on September 14, 2017 Chester County Deputy Sheriff Matthew Bristow served the Amended Complaint by giving it to PSP Sergeant Kevin Creighton at the Pennsylvania State Police Avondale barracks, where Sromovsky was stationed, (*see* ECF No. 10; Mot. for Extension of Time to Serve at ¶ 9, ECF No. 5; Default J. Hr'g Tr. at 6–8).

Sromovsky failed to appear or otherwise defend against Lopez's suit and default was entered against him on November 7.  (*See* ECF No. 13.)  After Lopez withdrew his claims against the PSP and the Court dismissed the claims against Blocker, Lopez moved for default judgment against Sromovsky on April 17, 2018.  (ECF Nos. 18 & 19.)  The Court held an evidentiary hearing on Lopez's Motion on May 10.  (ECF No. 26.)

All the while, Sromovsky's criminal case was moving forward and on May 16, 2018 he was convicted of simple assault and attempted simple assault.  *See* Jury Verdict, *Pennsylvania v. Sromovsky*, CP-15-CR-00001137-2017 (Chester Cty. Ct. Com. Pl. May 16, 2018).  On June 7, Sromovsky's conviction became final when he was sentenced to two and a half to twelve months in the Chester County Prison.  *See* Docket, *Pennsylvania v. Sromovsky*, CP-15-CR-00001137-2017 (Chester Cty. Ct. Com. Pl. Apr. 4, 2017).  Sromovsky's attorney entered his appearance in this case for the first time that same day.  (ECF No. 29.)  Counsel did not, however, move to set aside default or take any other steps on his client's behalf.  On June 27, the Court entered default judgment against Sromovsky based on the evidence presented during the May 10 hearing.  (ECF Nos. 30 & 31.)

The following day Sromovsky moved to set aside that judgment. (ECF No. 32.) He claimed, among other things, that he was under the "good faith impression" the entire case had been dismissed and that his conduct during Lopez's arrest was justified. (*See id*.) He also noted that, although he received a copy of the Amended Complaint, "he had never been personally served." (*Id*.) Sromovsky then filed a supplemental motion on July 5 contending that there was a "material difference" between Lopez's testimony at Sromovsky's criminal trial and his testimony during the default judgment hearing. (ECF No. 34.) Lopez responded on July 9 and Sromovsky replied on July 11. (ECF Nos. 35, 36 & 37.) In his reply, Sromovsky argued he was not properly served under the Pennsylvania Rule of Civil Procedure relied upon by Lopez because he had no propriety responsibility over the PSP's work at the Avondale barracks which, due to his suspension from the PSP, was not his "usual place of business" at the time the deputy sheriff gave Sergeant Creighton the Amended Complaint. (ECF No. 37.)

On July 26, the Court ordered supplemental briefing on whether Sromovsky was properly served with a copy of the summons and amended complaint pursuant to Federal Rule of Civil Procedure 4, including whether service pursuant to Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) was appropriate. (ECF No. 38.) After considering the parties' arguments and the supplemental briefing (ECF Nos. 39 & 40), the Court is compelled to conclude that Sromovsky was not properly served. The Court's Memorandum Opinion and Judgment Order, entered against Sromovsky June 27, 2018, (ECF Nos. 30 & 31), are vacated accordingly.

II

The decision to set aside the entry of default judgment pursuant to Federal Rule of Civil Procedure 60(b) "is left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citation omitted). In deciding whether to set aside default judgment, the Court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Id*. at 195 (citation omitted). However, where default judgment has been entered when service was improper, "the judgment is, *a fortiori*, void, and should be vacated." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (citation omitted).

Lopez asserts that Sromovsky was served pursuant to Pennsylvania Rule of Civil Procedure 402(a). (Pl.'s Resp. Memo. at 9, ECF No. 35; Pl.'s Supp. at 1, ECF No. 40.) Federal Rule of Civil Procedure 4(e) governs service of individuals within a United States judicial district. The rule provides that individuals may be served pursuant to state law for the state in which the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 402(a) states that an individual may be served at any office or usual place of business of the defendant by handing a copy to the defendant's agent or to the person in charge at the time. *See* Pa. R. Civ. P. 402(a)(2)(iii). At the evidentiary hearing on his motion for default judgment, Lopez's counsel represented that Sromovsky, though suspended, was still employed by the PSP at the time of service and that Sergeant Creighton, patrol supervisor, was handed a copy of the summons and amended complaint. (Hr'g Tr. at 6–8.)

In concluding that service was proper, however, the Court failed to specifically consider Pennsylvania state court decisions examining service of process under Rule 402(a)(2)(iii) holding that "[s]ervice at an office or usual place of business is subject to limitations, and is only appropriate when the person to be served has 'more proprietary responsibility and control over the business than that possessed by the average employee.'" *Zimmerman Slate Roofing Specialists, LLC v. Seidner*, No. 418 EDA 2013, 2014 WL 10979803, at *6 (Pa. Super. Ct. Mar. 31, 2014) (quoting *Martin v. Gerner*, 481 A.2d 903, 908 (Pa. Super. Ct. 1984)); *Pincus v. Mut. Assur. Co.*, 321 A.2d 906, 910 (Pa. 1974). In determining whether the defendant possesses sufficient proprietary interest or control, courts look to the "totality of the circumstances surrounding the defendant's contact with the place of service." *Williams v. Office of Pub. Def. Cty. of Lehigh*, 586 A.2d 924, 925 (Pa. Super. Ct. 1990).

Lopez does not argue that Sromovsky had a proprietary interest or control over the PSP's work at the Avondale barracks. Further, it is undisputed that at the time of purported service, Sromovsky was suspended from active duty pending resolution of the criminal charges against him. (*See* Pl.'s Resp. at ¶ 3; Def.'s Supp. Br. at 3.) Lopez argues instead that Sromovsky was not required to have proprietary responsibility or control. (*See* Pl.'s Supp.) He relies on cases where serving process on non-party employees of law offices constituted valid service on the defendant lawyers themselves.

In *Williams v. Office of Pub. Def. Cty. of Lehigh*, 586 A.2d 924 (Pa. Super. Ct. 1990), the court found that service of process upon the secretary of the Lehigh County Public Defender's Office was adequate service upon the defendants, all assistant public defenders. Applying a totality of the circumstances analysis, the court concluded that

5

service was effective because: (1) "[t]he work product of that office is directly produced by its attorneys[,]" the individuals were "regularly present at the office" and they "formed an integral part of its functioning and management"; (2) the individuals "possess a high degree of legal knowledge and sophistication" and "are members of an office that handles legal documents such as notice of service on a regular basis"; and (3) they received actual notice of the action. In *Zimmerman Slate Roofing Specialists, LLC v. Seidner*, No. 418 EDA 2013, 2014 WL 10979803 (Pa. Super. Ct. Mar. 31, 2014), a non-precedential opinion, the Superior Court likewise held that serving an unidentified security guard at the Philadelphia District Attorney's office was adequate service of process on the defendant assistant district attorney because there was "no material distinction" between that office and the public defender's office in *Williams*.[1]

Lopez asks the Court to extend the reasoning of *Williams* and *Zimmerman*, which was specific to lawyers, to permit service pursuant to Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) on a non-lawyer defendant who lacks a proprietary interest or control over a business which is neither a legal practice nor a law firm. (Pl.'s Supp. at 4–5.) The Court, somewhat regrettably on these facts, cannot do so.[2] Lopez asserts that the PSP, like a law office, differs from other traditional commercial businesses

---

[1] Lopez also cites a decision from the Lackawanna County Court of Common Pleas in which the court, relying on *Williams*, held that serving an associate of a law firm was effective service on the law firm itself because the individual served was "known to this court as an able lawyer with intelligence and a sense of responsibility[.]" *See Schneider v. Chaitman*, 46 Pa. D. & C.4th 268, 273 (Pa. Ct. Com. Pl. 2000).

[2] It is pretty apparent that Sromovsky knew about the lawsuit against him since at least June 2017 and chose to avoid it. Exhibit A to Lopez's supplemental briefing contains two documents. The first is a cover letter, apparently erroneously dated August 21, 2017, which shows that Sromovsky was provided with a copy of the Amended Complaint by the PSP's Chief Counsel sometime between September 14, 2017 and October 5, 2017. The second document is a June 20, 2017 PSP memo stating that Sromovsky was sued by Lopez and that the Commonwealth would not represent him in the litigation. Sromovsky signed the memo, acknowledging its receipt, on June 29, 2017. (*See* Pl.'s Supp. Br., Ex. A.)

because it possesses a high degree of legal knowledge and sophistication and regularly handles legal documents and notices. (*Id.* at 4.) He points out that the PSP serves arrest warrants, search warrants, protection from abuse orders, and other court related documents and paperwork. (*Id.* at 4 n.2.) The legal knowledge and sophistication of law enforcement officers, while comparatively higher than employees of other businesses, does not rise to the same level of that possessed by lawyers actively engaged in litigation and responsible for complying with substantive and procedural legal rules.

Sromovsky's apparent knowledge and prior notice of the lawsuit does not relieve Lopez of the responsibility to adhere to the rules of service. Both the Third Circuit Court of Appeals and the Pennsylvania Supreme Court have emphasized the importance of complying with these rules, even when the defendant otherwise has actual notice of the suit. *See Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. 1993) ("[N]otice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction."); *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 56 (3d Cir. 1986) ("When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."); *see also Martin v. Gerner*, 481 A.2d 903, 909 (Pa. Super. Ct. 1984) (quoting *Sharp v. Valley Forge Med. Ctr. and Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966)) ("The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the

7

defendant is dependent upon proper service having been made."). Sromovsky was never properly served and the default judgment entered against him must be vacated.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.