IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORENZO LOPEZ,

    *Plaintiff*,

v.

JOHN ROBERT SROMOVSKY,

    *Defendant*.

CIVIL ACTION
No. 17-2183

**PAPPERT, J.**                                                                                                     February 28, 2019

## **MEMORANDUM**

Lorenzo Lopez sued former Pennsylvania State Trooper John Sromovsky for battery, intentional infliction of emotional distress, retaliation and use of excessive during Lopez's arrest for drunk driving on September 9, 2016. Sromovsky moves to dismiss all claims, asserting various grounds for relief under Federal Rules of Civil Procedure 10(a), 12(b)(1), 12(b)(2) and 12(b)(6). The Court denies the Motion for the reasons that follow.

I

The facts giving rise to Lopez's claims have been summarized by the Court in prior opinions. *See* (ECF Nos. 14, 30). Lopez filed this lawsuit against Sromovsky and Pennsylvania State Police Commissioner Tyree C. Blocker on May 12, 2017. (Compl., ECF No. 1); *see also* (Am. Compl., ECF No. 8). The Amended Complaint alleges abuse of process,[1] battery and intentional infliction of emotional distress ("IIED") claims

---

[1] Lopez withdrew this claim (Count I) during an evidentiary hearing held on May 10, 2018 (ECF No. 26). *See* (Hr'g Tr. 9:1–19).

1

against Sromovsky (Counts I–III), two claims against Blocker (Counts IV, V) and excessive force and retaliation claims under 42 U.S.C. § 1983 against both defendants (Counts VI, VII). Blocker filed a motion to dismiss the claims against him, which the Court granted on February 27, 2018. (ECF Nos. 11, 14, 15).

Sromovsky failed to appear or otherwise defend against Lopez's suit and default was entered against him on November 7, 2017. *See* (ECF No. 13). Lopez moved for default judgment (ECF No. 18), which the Court granted in part and denied in part on June 27, 2018. *See* (ECF Nos. 30, 31). The Court granted judgment for Lopez on Counts II, VI and VII for battery, excessive force and retaliation and granted judgment for Sromovsky on Count III for IIED.[2] *Id.*

Sromovsky moved to set aside the judgment the following day. (ECF No. 32.) On August 17, 2018, the Court concluded that Sromovsky had not been properly served and entered an order granting Sromovsky's motion. *See* (ECF Nos. 41, 42). The August 17 order vacated the June 27 opinion and order granting in part and denying in part Lopez's motion for default judgment. (ECF No. 42); *see also* (ECF Nos. 30, 31).

Sromovsky waived service on September 9, 2018. (ECF No. 46.) He now moves to dismiss Lopez's claims[3] on the following grounds: (1) Lopez is suing under a false name, (2) the Court "has dismissed Count III . . . and IV, V, VI (as applied to Defendant

---

[2] Ruling on the IIED claim, the Court explained that the facts alleged in the Amended Complaint and presented at an evidentiary hearing did not sufficiently establish one necessary element of IIED: severe emotional stress. (ECF No. 30 at 10–11.) The Amended Complaint alleges that Lopez suffered severe emotional trauma (Am. Compl. ¶ 51), but Lopez did not offer medical evidence to support that allegation during the hearing. (ECF No. 30 at 11.)

[3] Four claims remain: Counts II, III, VI and VII for battery, IIED and excessive force and retaliation under 42 U.S.C. § 1983.

Tyree Blocker)," (3) all claims against him in his official capacity are barred[4] and (4) the Court does not have personal jurisdiction over him or subject matter jurisdiction over the claims. (Def.'s Mot. Dismiss & Mem. Supp. Mot. Dismiss, ECF No. 47.)

II

A

Sromovsky first moves to dismiss under Federal Rule of Civil Procedure 41(b), arguing that Lopez violated Rule 10(a) by suing under a false name.[5] Rule 10(a) states that the "title of the complaint must name all the parties" to an action.

The Court evaluates a request for dismissal under Rule 41(b) in light of factors identified by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include the extent of the plaintiff's personal responsibility, prejudice to the defendant, whether there has been a history of dilatoriness, whether the plaintiff's or counsel's conduct was willful or in bad faith, the effectiveness of sanctions other than dismissal and the meritoriousness of the plaintiff's claims. *Poulis*, 747 F.2d at 868. While the decision to dismiss claims is an exercise of the Court's discretion, "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Dyotherm Corp. v. Turbo Mach. Co.*, 392 F.2d 146, 148–49 (3d Cir. 1968).

---

[4] Lopez clarified that he is suing Sromovsky only in his individual, and not in his official, capacity, so the Court need not address this argument. *See* (Pl.'s Mem. Opp'n Mot. Dismiss, ECF No. 48, at 7; ECF No. 30 at 6 n.7).

[5] Sromovsky brings his Motion pursuant to Rule 10(a), but Rule 10(a) does not itself provide a mechanism for dismissal of claims. Rule 41(b), by contrast, permits Sromovsky to move to dismiss an action or claim if Lopez has failed to comply with any of the Federal Rules. Fed. R. Civ. P. 41(b); *see Jenkins v. Cardinal Paving Co.*, 2007 WL 2916460 at *1 (D.N.J. Oct. 5, 2007).

As an initial matter, the Court must determine whether Lopez even engaged in improper conduct in violation of Rule 10(a). *See Jenkins v. Cardinal Paving Co.*, 2007 WL 2916460 at *1 (D.N.J. Oct. 5, 2007). Sromovsky believes Lorenzo Lopez is not Plaintiff's real name. In support of this theory, Sromovsky relies exclusively on documents that appear to be related to Lopez's separate immigration proceedings, which are captioned "Augustine Peleayz a.k.a. Lorenzo Lopez." *See* (Def.'s Exs. A, B).

Lopez, in his response brief, states that his true name is Lorenzo Lopez. He refers the Court to an incident report prepared by the Pennsylvania State Police on the night of his arrest by Sromovsky, which states:

> [T]he accused . . . identified himself as Augustine PELEAYZ, who related that he did not have any identification on him. . . .
> The accused was [later] processed by Tpr. Ryan MCKEON at PSP Avondale. As a result of processing, it was revealed that the accused's real name was Lorenzo [no middle name] Lopez (06/11/91) and that he had a seven page criminal history with every disposition still pending.

(Pl.'s Ex. A at 4–5.)

The Court cannot conclude, at this stage in the proceedings, that Lopez violated Federal Rule of Civil Procedure 10(a), let alone that dismissal is warranted for any misconduct by Lopez under the *Poulis* factors.[6]

---

[6] Sromovsky relies heavily on a 2010 Illinois Appellate Court decision, *Santiago v. E.W. Bliss, Co.*, 941 N.E.2d 275 (Ill. App. Ct. 2010), attached to the Motion as Exhibit C. The plaintiff in *Santiago* filed a lawsuit under the name "Juan Ortiz" and answered all written discovery requests under that name. *Santiago*, 941 N.E.2d at 279. He revealed for the first time at his deposition that his true name was Rogasciano Santiago. *Id.* at 279–80. Santiago amended his complaint to reflect his true name, and the defendant moved to dismiss. The circuit court certified to the appellate court the question of whether dismissal was a proper sanction for plaintiff's conduct. The court, applying Illinois law, found that dismissal may be a proper sanction in these circumstances if the court makes necessary factual findings to support the sanction. *Id.* at 284.
This ruling was appealed to the Illinois Supreme Court, which clarified that dismissal is only proper if there is "a clear record of willful conduct showing deliberate and continuing disregard for the court's authority" and "a finding that lesser sanctions are inadequate to remedy both the harm to

B

Sromovsky also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6),[7] arguing that Counts III, IV, V and VI have already been dismissed.

Sromovsky seems to argue that because the Court entered judgment for him on Count III in its June 27 opinion and order granting in part and denying in part Lopez's motion for default judgment, Count III has been dismissed. He fails to recognize that the June 27 order was vacated. A subsequent order, dated August 17, granted Sromovsky's own motion to set aside the judgment he now attempts to invoke. *See Leader v. Apex Hosiery Co.*, 108 F.2d 71, 81 (3d Cir. 1939), *aff'd*, 310 U.S. 469 (1940) ("The decree of this court . . . having been vacated . . . is no longer binding as a precedent, as the law of the case, or as res judicata.") Now that Sromovsky has waived service, he must answer or otherwise respond to Count III of the Amended Complaint.

Counts IV, V and VI were dismissed only as to former defendant Tyree Blocker, which Sromovsky concedes. (Def.'s Mot. Dismiss ¶ 4); *see also* (ECF No. 16). The Court has not yet dismissed any claims against Sromovsky, so he must answer them.

C

Sromovsky finally moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (2). The Court has already found that it has federal question jurisdiction over Lopez's § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction

---

the judiciary and the prejudice to the opposing party." *Santiago v. E.W. Bliss Co.*, 973 N.E.2d 858, 862 (Ill. 2012).

    In his Motion, Sromovsky not only misstates *Santiago*'s holding, which is not binding on this Court, but he also fails to show that Lopez has a record of disregard for the Court or that Lopez has harmed the judiciary or prejudiced him in any way.

[7]     To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5

over his state law claims under 28 U.S.C. § 1367(a).  *See* (ECF No. 30 at 7–8).  The Court has personal jurisdiction over Sromovsky because the incident giving rise to Lopez's claims occurred in Pennsylvania and Sromovsky executed a waiver of service.  *See* (Am. Compl. ¶¶ 5, 15; Waiver of Service, ECF No. 46).

    An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.